IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 11-0270

2011 MT 329

_____

IN RE THE GRANDPARENT VISITATION OF
M.M. AND LINDA LARSEN, GRANDMOTHER,

    Petitioner and Appellant.

O P I N I O N
A N D
O R D E R

_____

¶1    Briefing of this appeal having been completed, the Court considered it for classification purposes on December 6, 2011. We have determined that the appeal must be dismissed and the case remanded to the Fifth Judicial District Court for further proceedings in conformity with this Opinion and Order.

¶2    This appeal arises out of a matter concerning grandparent-grandchild visitation. In August of 2010, the District Court entered an order for grandparent contact between Linda Larson and her granddaughter, M.M. The court's order was entered over the mother's objection. In that order, the court found that both of M.M.'s parents were incarcerated and M.M. was currently under the guardianship of the Benjamins. The court found no evidence that the Benjamins were not currently able to care for M.M. It also found that it was in M.M.'s best interest to have contact with Larson. The court ordered visitation between Larson and M.M., to take place at the Benjamins' home on the first, second, and fourth Saturday of every month.

¶3    In November of 2010, Larson filed a petition for additional grandparent contact. The District Court held a hearing on that petition on April 20, 2011. Larson's May 10, 2011 notice of appeal states this appeal is taken from "the final judgment entered in such action on the 20th day of April, 2011." No written judgment or order disposing of the

1

issues raised at the April 20 hearing appears in the District Court record.  Larson has, however, filed a transcript of the April 20 hearing.

¶4    The controlling statute is § 40-9-102, MCA:

> **Grandparent-grandchild contact**. (1) Except as provided in subsection (7), the district court may grant to a grandparent of a child reasonable rights to contact with the child, including but not limited to rights regarding a child who is the subject of, or as to whom a disposition has been made during, an administrative or court proceeding under Title 41 or this title. The department of public health and human services must be given notice of a petition for grandparent-grandchild contact regarding a child who is the subject of, or as to whom a disposition has been made during, an administrative or court proceeding under Title 41 or this title.
>
>     (2)  Before a court may grant a petition brought pursuant to this section for grandparent-grandchild contact over the objection of a parent whose parental rights have not been terminated, the court shall make a determination as to whether the objecting parent is a fit parent.  A determination of fitness and granting of the petition may be made only after a hearing, upon notice as determined by the court.  Fitness must be determined on the basis of whether the parent adequately cares for the parent's child.
>
>     (3)  Grandparent-grandchild contact may be granted over the objection of a parent determined by the court pursuant to subsection (2) to be unfit only if the court also determines by clear and convincing evidence that the contact is in the best interest of the child.
>
>     (4)  Grandparent-grandchild contact granted under this section over the objections of a fit parent may be granted only upon a finding by the court, based upon clear and convincing evidence, that the contact with the grandparent would be in the best interest of the child and that the presumption in favor of the parent's wishes has been rebutted.
>
>     (5)  A person may not petition the court under this section more often than once every 2 years unless there has been a significant change in the circumstances of:
>     (a)  the child;
>     (b)  the child's parent, guardian, or custodian; or
>     (c)  the child's grandparent.
>
>     (6)  The court may appoint an attorney to represent the interests of a child with respect to grandparent-grandchild contact when the interests are not adequately represented by the parties to the proceeding.
>
>     (7)  This section does not apply if the child has been adopted by a person other than a stepparent or a grandparent. Grandparent-grandchild

2

contact granted under this section terminates upon the adoption of the child by a person other than a stepparent or a grandparent.

(8) A determination pursuant to subsection (2) that a parent is unfit has no effect upon the rights of a parent, other than with regard to grandparent-grandchild contact if a petition pursuant to this section is granted, unless otherwise ordered by the court.

¶5 Larson raises three issues on appeal. Her first issue relates to a motion she filed before the April 20 hearing, asking the court to allow her expert witness to observe M.M. during her interactions with Larson during one of their weekend visits. In relation to this motion, Larson's counsel stated at the hearing that they wished to present expert testimony on "what was appropriate at what age with the child in terms of visitation, and what the child would be able to handle and would not be able to handle."

¶6 During the April 20 hearing, the District Court hypothesized that, under § 40-9-102, MCA, if it found M.M.'s mother fit, there would be no need for the expert testimony "because mother's objection would trump." Neither party disputed that statement. At the end of the hearing, the court orally stated Larson had failed to establish that M.M.'s mother was unfit. However, the court never expressly ruled on Larson's motion to present expert testimony. Nor did the court address § 40-9-102(4), MCA, which allows grandparent contact even over the objection of a fit parent, if clear and convincing evidence supports findings that contact with the grandparent would be in the child's best interests and that the presumption in favor of the parent's wishes has been rebutted.

¶7 The second issue Larson raises on appeal is whether the District Court erred when it found the incarcerated parents were fit. In a lengthy, self-described attempt at the April 20 hearing "to think through this as I'm discussing it with you," the District Court reasoned that M.M.'s parents, although not in a position to provide for her hands-on care, had made arrangements to provide care for her through the Benjamins. Although the court stated at one point that "the proper order for the Court to issue here, that grandmother's motion to . . . find mother unfit must fail," our review of the record does not reveal an express finding by the District Court that M.M.'s parents are fit.

¶8 The third issue on appeal is whether the District Court was prohibited by res judicata from rescinding its previous order granting visitation to Larson. The parties disagree as to whether the court did, in fact, rescind its prior order for grandparent contact, and the record presents good cause for confusion on that point. At one point during the April 20 hearing, the court stated grandparent visitation "should be reasonable" and "I'm hopeful that the parties can then work out something that would be reasonable without a specific order on a date and time schedule." While it appears no change was made, the District Court's oral statements at the hearing were meandering, at best, as to whether the court was altering the status quo as to visitation between Larson and M.M.

¶9 In summary, this Court is left with a record that is impossible to properly review as to all three issues raised on appeal. Not only does the District Court's practice of neglecting to file written findings of fact and a written order render appellate review impossible, but the parties clearly are left without the ability to discern and thereby enforce or comply with such "orders."

¶10 IT IS ORDERED that this appeal is DISMISSED and this matter is remanded to the District Court for further proceedings consistent with this Opinion and Order. On remand, the District Court is directed to enter written findings, conclusions, and an order addressing the issues raised by Larson's petition and at the April 20, 2011 hearing as necessary, following consideration of whether the provision of § 40-9-102(5), MCA—which addresses the filing of petitions under the statute more often than once every 2 years—applies to this particular petition.

DATED this 30th day of December, 2011.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

4